UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

RICHARD KONGER,

Plaintiff,

v.                                            CAUSE NO. 1:25-CV-621-JD-JEM

A. LINDSEY, et al.,

Defendants.

OPINION AND ORDER

Richard Konger, a prisoner without a lawyer, filed a complaint raising claims about events which happened at the Allen County Jail on October 3, 2025. ECF 3. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, I must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Federal law provides that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Konger explains there was a grievance system at the Jail that he could have used to complain about the claims raised in this complaint, but he did not file a grievance because, he "would talk to the nurses during medicine pass

times." ECF 1 at 8. The law takes a "strict compliance approach to exhaustion." *Lockett v. Bonson*, 937 F.3d 1016, 1025 (7th Cir. 2019). To exhaust remedies, "a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Id.* Because he did not try to use the grievance process, Konger had not exhausted his administrative remedies when he signed and filed the complaint. "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015). Nevertheless, "a plaintiff can plead himself out of court. If he alleges facts that show he isn't entitled to a judgment, he's out of luck." *Early v. Bankers Life and Cas. Co.*, 959 F.2d 75, 79 (7th Cir. 1992) (citations omitted).

Such is the case here. "[A] suit filed by a prisoner before administrative remedies have been exhausted <u>must be dismissed</u>; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999) (emphasis added); *see also Chambers v. Sood*, 956 F.3d 979, 984-85 (7th Cir. 2020). Dismissal is harsh, but the court cannot grant him any relief in this case because he did not exhaust before filing.

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). "District courts, however, have broad discretion to deny leave to amend a complaint where the amendment would be futile." *Russell v. Zimmer, Inc.*, 82 F.4th 564, 572 (7th Cir. 2023). Because it is legally frivolous to file a case that must be dismissed, it would be futile to grant Konger leave to amend.

For these reasons, this case is DISMISSED under 28 U.S.C. § 1915A as legally frivolous because Konger did not exhaust his administrative remedies before filing this case.

SO ORDERED on May 13, 2026

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT

3